MR. JUSTICE HARRISON,
dissenting:
I dissent. By sheer speculation the majority finds, without a scintilla of proof, that the jury might have been influenced by something Juror Kruger said or did before being removed at the conclusion of the case.
Our recent case of State v. Baugh, (1977), 174 Mont. 456, 571 P.2d 779, is in my view controlling. In that case we held:
“Defendant was not prejudiced by the occurrence involving juror Kolar. While serious prejudice may have arisen if juror Kolar had participated in the verdict, those problems were thus arrested by replacing her with an alternate juror and the further safeguards taken by the trial judge.” 571 P.2d 784.
The same can be said here. The trial court questioned the offending juror to insure he had not discussed the case with the other jurors. The defense counsel agreed that the court should wait until the conclusion of the evidence to dismiss the juror so as not to disrupt the jury. The court went further by instructing the juror not to discuss his removal with anyone and to say he was sick, if asked.
In addition, there is nothing in the record to show prejudice to the appellant. The fact the juror said the victim’s family “enjoyed the friendship of most people in the area” falls far short of the prejudice that would prevent a fair trial. This fact came out during voir dire examination. The juror himself contradicted any factual basis for the statement when he denied talking to any of the jurors or that any had talked to him.
Here, the trial court had the opportunity to take what curative measures were necessary before the jury’s deliberations began and I can find no basis for finding any prejudice against the appellant warranting a new trial.
MR. CHIEF JUSTICE HASWELL concurs with the dissent.